(No. 74-CV-59— )

ROSOLINO ZAPPIA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 17, 1975.*

LLOYD E. GUSSIS, MASS MILLER & JOSEPHSON, for Claimant.

WILLIAM J. SCOTT, Attorney General; JEROME FELSENTHAL, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of criminal act of murder of Joseph J. Zappia on December 20, 1973, at 3149 West Chicago Avenue, Chicago, Illinois. Rosolino Zappia age 81, father of decedent, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act" (thereafter referred to as the "Act"), *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71 et. seq.*

After hearings held before Commissioner J. Barry Fisher, on 12-5-74 and 1-29-75, this Court has carefully

considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon the documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant's decedent was a victim of a violent crime covered under Ill. Rev. Stat., 1973, Ch. 70, Sec. 72, to wit:

"Murder" *Ill. Rev. Stat., 1973, Ch. 38, Sec. 91.*

2. That said crime occurred at approximately on December 20, 1973, at 3149 West Chicago Avenue, Chicago, Illinois, at which time claimant's decedent suffered a fatal gunshot wound.

3. That said crime was reported promptly to the Chicago Police Department and claimant has cooperated fully with law enforcement officials. That the assailant or assailants have not been identified and that the investigation is ongoing by the Chicago Police.

4. That there was no evidence that claimant was a relative or member of the same household of the assailant.

5. That there was no evidence presented that the injury to the decedent was attributable to his wrongful act or substantial provocation of his assailant.

6. That claimant has incurred expenses in excess of $200 compensable by Sec. 74 of the Act, to wit:

| | |
|---|---|
| A. Funeral Expenses—Rago Bros. | $1,133.50 |
| Total Expenses | $1,133.50 |

7. That there is no evidence that claimant has received or is entitled to any compensation from Workman's Compensation, local, state or

Federal funds or insurance of any kind. ($255.00 already deducted from funeral bill.)

8. Pursuant to Par. 77 (d) of the Act, the Court must deduct the first $200 of expenses.

$$200.00$$

$$\underline{\$\quad 933.50}$$

9. That a timely Notice was filed 4-16-74. That claimant's timely application, subrogation and authorization for records were filed with the clerk on 6-7-74.

10. Claimant has made a claim for loss of earnings. The claimant was 81 years old and lived with his decedent son who was 50 years old in a building owned by the claimant which also had a tenant.

The claimant's pension $282.00 a month, was intermingled with the decedent's earnings. Claimant's exhibit #4 show the following gross earnings for the decedent. 1972—$3,326.44, 1973—$3,022.86.

11. In view of the age of the claimant, his earnings and building income together with the tax returns of the decedent, we feel that the claimant has failed to prove a loss of earnings claim. Therefore, this portion of the claim should be denied.

12. A detailed summary of the facts and information considered by the Court is contained in an Investigative Report prepared by the Attorney General. A copy of said report remains in the Court's file in this matter. The facts as reported therein are incorporated in this opinion by reference, and are briefly summarized as follows: On December 20, 1973, Joseph J. Zappia, age 50, of 1064 N. Spaulding Avenue, Chicago, was working at the "Chez Joe Snack Shop," which he owned at 3149 W. Chicago Avenue. On said day, at about 2:30 p.m., was

emptying garbage in the alley behind his restaurant when he was shot and killed by an unknown person or persons.

The victim was discovered by one Joseph Liginza, a friend of the victim, who had been sitting in the victim's restaurant. Liginza stated that the victim had been disposing of garbage in the alley; that when the victim did not return after about 10 minutes, Liginza proceeded to the alley behind the restaurant and discovered the victim lying in the snow. Liginza ran to the corner of Kedzie and Chicago, flagged down a passing police car, and informed a Sgt. Morseth, Star #1732, of the Chicago Police Department. The victim was removed by ambulance to Mt. Sinai Hospital and was pronounced dead on arrival. The coroner's report indicated that the victim suffered two wounds from a pistol (caliber unknown) that entered the heart and liver.

13. That the proof submitted in support of this claim satisfies all the requirements of this Act, and that the claim is, therefore, compensable thereunder in the amount of $933.50 for the funeral expenses incurred. There were no doctor or hospital expenses since the victim was pronounced dead on arrival at Mt. Sinai Hospital. As stated in ¶11, we find that the decedent's income was scarcely enough for his own subsistence, and that the claimant was not dependent upon the deceased victim for support. Hence the claim for loss of support must be denied.

14. That claimant was represented at the hearing by the law firm of MASS MILLER & JOSEPHSON of Chicago, and that a fee charged to the claimant for their services in the amount of $185.00 would be reasonable.

It Is HEREBY ORDERED that the sum of $933.50 (NINE

HUNDRED THIRTY-THREE AND 50/100THS DOLLARS) be awarded Rosolino Zappia, as father of an innocent victim of a violent crime.